IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nurbek Murzaev,<br><br>  Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>  Respondents. | No. CV-26-00326-PHX-RM (CDB)<br><br>**ORDER** |

    Petitioner filed this action challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b) declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Document 94 (C.D. Cal. Dec. 18, 2025). Pursuant to that judgment, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within seven days. But in the alternative, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista* and the Court grants relief based on its independent view that his detention is governed by § 1226 and not §

1225.¹

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven (7) days** or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 28th day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

---

¹ Petitioner contends the appropriate remedy in this case is immediate release because while "[d]etained noncitizens are constitutionally entitled to a bond hearing before a neutral and independent decision-maker. . . . [t]hat guarantee is now illusory." (Doc. 5 at 6 (quotation omitted).) An IJ's discretionary bond determination is generally not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). A federal court does, however, have jurisdiction under 28 U.S.C. § 2241 to consider any error of law in the proceedings before the agency, including any claimed due process violation. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022); *see also Martinez v. Clark*, 36 F.4th 1219, 1224 (9th Cir. 2022) (holding that federal courts have habeas jurisdiction over "questions of law or constitutional questions" but not "an immigration court's determination that a noncitizen is a danger to the community"); *see also Singh v. Holder*, 638 F.3d 1196, 1207 n.6 (9th Cir. 2011). While Petitioner's allegations supporting his request for immediate release are troubling, the Court will not order Petitioner's immediate release at this time. If Respondents do not provide Petitioner a bond hearing before a neutral decisionmaker that complies with the law, Petitioner may seek reconsideration before this Court.