# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nurbek Murzaev,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>　　　　　Respondents. | No. CV-26-00326-PHX-RM (CDB)<br><br>**ORDER** |

In this action brought under § 2241, the Court granted the Petition and ordered Respondents to provide Petitioner a bond hearing within seven days. (Doc. 6.) Petitioner filed a Motion to Enforce Judgment and Order. (Doc. 9.) Petitioner alleges that during his custody redetermination hearing on February 13, 2026, the Immigration Judge denied bond, determining Petitioner was a "significant flight risk."

The Court will deny Petitioner's Motion to Enforce Judgment and Order. Petitioner acknowledges that an Immigration Judge's discretionary bond determination is not reviewable in federal court. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Instead, Petitioner points to *Martinez v. Clark*, 68 F.4th 1195 (9th Cir. 2023), which held that while courts may not reweigh an IJ's assessment of dangerousness or flight risk, they do retain habeas jurisdiction to consider claims that the legal framework governing detention fails

to provide the process that due process requires. *Id.* at 1227–30. And Petitioner contends the Immigration Judge improperly shifted the burden to Petitioner to demonstrate he was neither a flight risk nor a danger to the community and, as a result, the February 13, 2026 bond redetermination hearing did not comply with the Ninth Circuit's decision in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). Specifically, Petitioner argues "the structure of the decision demonstrates that Petitioner was required to demonstrate that his ties and sponsor were sufficient to warrant release. The IJ weighed 'adverse factors' against 'positive factors,' rather than requiring the Government to carry its burden under *Singh*." (Doc. 9 at 12.)

In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195–96 (9th Cir. 2022), the Ninth Circuit considered whether it was a due process violation to place the burden on the detainee to establish he is neither a flight risk nor a danger. The Ninth Circuit concluded such a scheme did not constitute a due process violation and specifically addressed *Singh*, indicating that even if *Singh* remains good law, its application is cabined to detention under 8 U.S.C. § 1226(c) when detention has become prolonged. *Id.* at 1202. The Third Circuit also rejected a habeas corpus claim by an immigration detainee who argued that the government should bear the burden of proof in a § 1226(a) bond hearing, concluding that placing the burden on the detainee does not violate the Constitution. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).

Thus, Petitioner does not identify an error in the bond redetermination hearing process. Rather, Petitioner claims "the IJ's determination that Petitioner is now a 'significant flight risk' is not merely unsupported by the record; it is internally inconsistent with the undisputed history of this case." (Doc. 9 at 13.) While the Court might have made a different determination regarding Petitioner's risk of flight, the Court cannot review that discretionary bond determination. 8 U.S.C. § 1226(e). For these reasons, Petitioner's motion to enforce must be denied.

. . . .

. . . .

1  **IT IS ORDERED** Petitioner's Motion to Enforce (Doc. 9) is **denied**.

2  Dated this 24th day of February, 2026.

_____
Honorable Rosemary Márquez
United States District Judge